TUCKER, P.
There is no legal question of interest in this case, except those which respect the propriety of reading Andrew Waggener’s deposition. He is one of two sureties in a bond to Dyer the appellee, and if Dyer succeeds in the cause, the debt will be thereby liquidated and discharged. To remove this objection, Dyer has executed to him a covenant not to sue him, which he produced at the taking of his deposition. Two questions are now made; 1st. Can the covenant be read without proof by the subscribing witness? This objection, if valid, comes too late. It ought to have been made when the paper was introduced, that the subscribing witness might be called. This was not done. The paper was admitted, the counsel for the defendants only objecting to its being copied, — meaning, I suppose, that the original must be filed. Independent of this, it seems to me that as Dj7er calls for the covenant, and avails himself of it to rehabilitate his witness, the proof of the subscribing witness was not necessary. Mandeville v. Perry, 6 Call 78. He could never afterwards be permitted to deny it, and if so, the witness would have the full benefit of its protection. 2. Did this covenant exonerate the witness? I think it did. It did not, it is true, discharge the cosurety, *becausea covenant not to sue one does not exonerate both. Ward v. Johnson, 6 Munf. 9; Dean v. Newhall, 8 T. R. 168; Wright’s adtn’r v. Stockton, 5 Leigh 153. But the covenant operated to protect Andrew Waggener forever from Dyer’s claim. It is contended, however, that he would be subject to the cosurety’s demand for contribution. I think not. By exonerating him, Dyer’s redress against Edmund Waggener the co-surety would be confined to one moiety of the debt. Could Edmund Waggener, if he had paid that moiety, demand that Andrew should reimburse him any part thereof? If each surety is to be considered, in respect to his cosureties, as a principal as to his aliquot part of the debt, and only surety to his cosureties for the balance, (see Ex parte Gifford, 6 Ves. 805; 1 Story’s Eq. 2 499, p. 477,) tnen it is clear that Edmund can have no claim upon Andrew. But if this be not a general rule, (see Theobald on Princ. & Surety, 267,) yet where a creditor, with a view to the purposes of justice and to have the benefit of a witness’s testimony, gives up the liability of the witness for one half his debt, no court of law or equity would recognize the claim of the other surety to defeat this reasonable arrangement by holding the witness responsible for the payment of a portion of his cosuret3r’s moiety. No wrong is done to him: for if, instead of being released, Andrew Waggener had paid his moiety, Edmund never could have demanded contribution for his aliquot part paid by himself. And as his rights are not impaiied, it would be unreasonable to make him partaker in equity of the benefit of a covenant which confessedly cannot avail him at law, and which equity will never carry bej7ond the intention of the parties. Kirby & wife v. Taylor &c., 6 Johns. C. R. 242.
Waggener was therefore a good witness; and reading his testimony, the merits are most clearlv- with the appellee. The objection as to the title being pretensed *cannot prevail. The cases of Allen &c. v. Smith, 1 Leigh 231, and Ruffners v. Lewis’s ex’ors et al., 7 Leigh 720, promulgate, I think, the true doctrine on this subject, on the authority of the opinions of learned english chancellors there cited. The present case is fully within the influence of them.
As to the objection that the priorities of the incumbrances are not settled, that is a matter of which, if it were as is contended, Waggener cannot complain, as he is the first incumbrancer.
*663 On the whole, I think there is no error in the decree to the prejudice oí the appellant, and that it should be affirmed with costs.
PER CURIAM, Decree affirmed.